UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY NORTHWEST INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S, OSPREY UNDERWRITING AGENCY, LTD.,<br><br>    Defendant. | Case No.  15-cv-02334-WHO<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 20 |

**INTRODUCTION**

Plaintiff Liberty Northwest Insurance Company brought claims for equitable contribution and indemnity arising from a coverage dispute with defendants Certain Underwriters at Lloyd's and Osprey Underwriting Agency Ltd.  Defendants removed, claiming that Liberty's causes of action should properly be considered to be an equitable subrogation claim for which there is federal jurisdiction under 9 U.S.C. section 205.  Defendants cite no authority that allows me to disregard the causes of action actually pleaded in order to assert jurisdiction here.  Pursuant to Civil Local Rule 7-1(b), I find this matter appropriate for resolution without oral argument and I VACATE the hearing set for August 26, 2015.

Liberty's motion to remand is GRANTED as defendants have not established federal jurisdiction.  Liberty's request for attorneys' fees and costs incurred as a result of defendants' improper removal is DENIED because defendants had an objectively reasonable basis for seeking removal.[1]

---

[1] Defendants Lloyd's and Osprey move to compel arbitration.  Dkt. No. 7.  Their motion is MOOT as there is no federal jurisdiction over this action.  *See, e.g., Niami v. Fed. Exp. Print Serv., Inc.*, 09-cv-4383-JF, 2010 WL 958045, at *7 (N.D. Cal. Mar. 12, 2010) ("Defendants' motion to compel arbitration is moot based on the absence of federal jurisdiction.").

**BACKGROUND**

In October 2013, Ron Green brought personal injury claims against Ross Island Sand & Gravel Co., to whom Liberty and defendants had each issued an insurance policy.  Compl. ¶¶ 8-11 [Dkt. No. 1, Ex. A].  The present case arises from the $1.2 million settlement of Green's claims against Ross Island, of which Liberty paid $926,500 and defendants paid $223,500.  Liberty claims that it bore more than its fair share of the settlement payment and is thus equitably entitled to contribution and/or indemnity from defendants as common obligors to Ross Island.  Consequently, on March 5, 2015, Liberty filed suit in San Francisco Superior Court, alleging causes of action for equitable contribution and equitable indemnity.

Defendants removed the case to this district on May 26, 2015, invoking the court's federal question and admiralty jurisdiction. *See* Dkt. No. 1.  On June 24, 2015, defendants amended their removal notice, adding diversity jurisdiction as a third basis for removal.  Dkt. No. 17.  Liberty moved to remand on June 25, 2015.  Dkt. No. 20.

**LEGAL STANDARD**

A defendant may remove a state action to federal court if the court has original subject matter jurisdiction over the action.  28 U.S.C. § 1441.  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).  Therefore, "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Any doubts as to removability should be resolved in favor of remand.  *Id.*

**DISCUSSION**

**I.    THE COURT LACKS FEDERAL JURISDICTION OVER LIBERTY'S CLAIMS**

Defendants removed this action on the basis of federal question under 9 U.S.C. section 205, admiralty jurisdiction, and diversity jurisdiction.  Liberty disputes each of these grounds and moves to remand the action to state court.  In its opposition to the motion to remand, defendants focus only on section 205 and state that "[a]lternative removal grounds reserved by [defendants]

2

1    therefore are moot, and the Court need not address them."  Dkt. No. 22 at 2.

2            **A.  Defendants have not established federal question jurisdiction.**

3            9 U.S.C. section 205 permits removal of a state action that "relates to an arbitration

4    agreement or award falling under the Convention [on the Recognition and Enforcement of Foreign

5    Arbitral Awards (the "Convention")].  Section 205 is triggered by "just about any suit in which a

6    defendant contends that an arbitration agreement clause falling under the Convention provides a

7    defense."  *Infuturia Global Ltd. v. Sequus Pharm., Inc.*, 631 F.3d 1133, 1138 (9th Cir. 2011).

8    Defendants argue that this case is subject to section 205 because an equitable subrogation claim is

9    subject to the Convention.  *See* Dkt. No. 1 ¶¶ 9-18.

10           This argument fails here because Liberty has not pleaded a claim for equitable subrogation.

11   Liberty has alleged contribution and indemnity claims.  Defendants do not argue that those claims

12   are subject to the Convention.  Rather, they contend in their notice of removal that Liberty's

13   contribution and indemnity claims "[are] actually a claim for equitable subrogation . . . based on

14   the insurance contract between [Ross Island] and Defendants."  Dkt. No. 1 ¶ 15.  Defendants

15   likewise argue in their opposition to the motion to remand that "it is clear that there is no valid

16   claim for equitable contribution or indemnity because the two policies cover different risks."  Dkt.

17   No. 22 at 7.

18           Whatever the merits of defendants' argument that Liberty does not have viable claims for

19   equitable contribution or indemnity, this Court is not the place to raise it.  If Liberty's claims are

20   deficient, defendants should have moved in state court to dismiss them for failure to state a claim.

21   They provide no authority for a federal court to dismiss existing state claims and recharacterize

22   them as ones which allow for removal.  Since the operative complaint does not raise claims that

23   relate to an arbitration agreement or award falling under the Convention, section 205 is not

24   triggered.  *Cf. SanDisk Corp. v. SK Hynix Inc.*, No. 14-04940-LHK, 2015 WL 1395910, at *11

25   (N.D. Cal. Mar. 26, 2015) (granting remand where arbitration clause had no bearing on the claims

26   raised); *Hawkins v. KPMG LLP*, 423 F. Supp. 2d 1038, 1048 (N.D. Cal. 2006) ("the arbitration

27   agreement relates to the claims in this lawsuit provided that there is a reasonable possibility that

28   defendants will be able to assert the arbitration clause against plaintiff").

United States District Court
Northern District of California

**B.  Defendants have not established admiralty jurisdiction.**

28 U.S.C. section 1333(1) states that "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."  The "saving to suitors" clause "leaves state courts 'competent' to adjudicate maritime causes of action in proceedings . . . where the defendant is a person, not a ship or some other instrument of navigation."  *Ghotra by Ghotra v. Bandila Shipping, Inc.*, 113 F.3d 1050, 1054 (9th Cir. 1997). Courts in this district have held that "admiralty and maritime claims are not removable to federal court unless there exists some independent basis, such as diversity of the parties, for federal jurisdiction."  *Cowan v. Baydelta Maritime*, 10-cv-05346-SBA, 2011 WL 1324463, at *6 (N.D. Cal. Apr. 6, 2011); *see also Triton Container Int'l Ltd. v. Inst. of London Underwriters*, 98-cv-0573-TEH, 1998 WL 750941, at *4 (N.D. Cal. Apr. 1, 1998).

As noted, while defendants invoked the Court's admiralty jurisdiction in their notice of removal, Dkt. No. 1 ¶ 19, they subsequently stated that said grounds for removal was moot and that the Court need not address it.  Dkt. No. 22 at 2.  I treat defendants' statement as a concession that they cannot establish admiralty jurisdiction unless there exists some independent basis, such as diversity of the parties, for federal jurisdiction.  As explained in this Order, defendants have not established any independent basis for federal jurisdiction.

**C.  Defendants have not established diversity of citizenship.**

In their amended notice of removal, defendants added diversity of citizenship as a third basis for federal jurisdiction, Dkt. No. 17 ¶¶ 19-23, though they subsequently stated that this grounds for removal was moot.  Even if not moot, defendants have failed to establish diversity of citizenship because they have not disclosed the citizenship of the individuals that comprise the "syndicates," or "Names," of Lloyd's.

District courts have original jurisdiction over civil matters between citizens of different states or between citizens or subjects of a foreign state.  28 U.S.C. 1332(a).  Complete diversity is required.  *Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 553 (2005) ("the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court

of original diversity jurisdiction over the entire action").  The party seeking to establish diversity jurisdiction carries the burden of proof.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Defendants have not carried their burden here.

Liberty is a company incorporated in Oregon, with its principal place of business in Massachusetts.  Compl. ¶ 2; Deogracias Decl. ¶ 10 [Dkt. No. 20-2].  Defendants have not disclosed their residences.  Instead, their removal papers simply state that none of their Names reside in Oregon.  Dkt. No. 17 ¶¶ 20-22.  However, because Liberty is considered a citizen of both Oregon and Massachusetts for diversity purposes, defendants must show that they reside in neither state to establish diversity.  *See* 28 U.S.C. § 1332(c).

"The unique nature and structure of Lloyd's raises several issues in determining jurisdiction" because it is uncertain which underwriter(s)'s citizenship should be considered for diversity purposes.  *Majestic Ins. Co. v. Allianz Int'l Ins. Co.*, 133 F. Supp. 2d 1218, 1221 (N.D. Cal. 2001).  In *Majestic*, after evaluating the differing views of other circuits regarding the treatment of Lloyd's for diversity purposes, the Court ruled that "each Name must be diverse from Plaintiff to satisfy diversity jurisdiction requirements."  *Id.* at 1223; *accord E.R. Squibb & Sons v. Accident & Casualty Ins. Co.*, 160 F.3d 925, 931 (2d Cir. 1998); *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 319 (7th Cir. 1998).  The Ninth Circuit has not addressed this issue.

I agree with the analysis in *Majestic*.  Defendants' conclusory statements about the citizenship of their Names are not enough to establish complete diversity, particularly as defendants have abandoned this argument.

## II.   PAYMENT OF LIBERTY'S FEES AND COSTS IS UNWARRANTED

Although I find that I have no jurisdiction, I will not award fees and costs pursuant to 28 U.S.C. § 1447(c).  A court order of remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Generally speaking, such an order is proper where removal is "sought for the purpose of prolonging litigation and imposing costs on the opposing party."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41 (2005).  "[T]he standard for awarding fees should turn on the reasonableness of the removal."  *Id.*

United States District Court
Northern District of California

Defendants' primary basis for removal under section 205, though ultimately unsuccessful, was not sought for the purpose of prolonging litigation and imposing costs on Liberty. Considering the still-evolving case law interpreting section 205, defendants proffered an objectively reasonable basis for attempting to remove this matter to federal court.  Accordingly, awarding Liberty its attorneys' fees and costs is inappropriate under these circumstances.

## CONCLUSION

Liberty's motion to remand is GRANTED.  Dkt. No. 20.  This matter is REMANDED to San Francisco Superior Court.

**IT IS SO ORDERED**.

Dated: August 24, 2015

WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California

6